UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON M. GRONDON,

        Petitioner,               Case No. 12-cv-13158

v                                             Honorable Thomas L. Ludington

KENNETH MCKEE,

        Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION FOR ISSUANCE
OF A CERTIFICATE OF APPEALABILITY AND
APPLICATION TO PROCEED in FORMA PAUPERIS ON APPEAL**

Petitioner Jason Grondon filed a motion for a certificate of appealability, alleging that his constitutional rights were violated when he was forced to give an involuntary confession. He previously raised the argument in his petition for writ of habeas corpus. ECF No. 1. This Court found that argument unpersuasive, and that conclusion remains. Grondon's motion will be denied.

**I**

Grondon is confined at the Bellamy Creek Correctional Facility in Ionia, Michigan. He was charged with murdering his uncle, Robert Green, and of taking and using Green's debit card to make numerous purchases after the murder. He was convicted by a jury in the Washtenaw County Circuit Court of (1) second-degree murder, Mich. Comp Laws § 750.317; (2) stealing or retaining a financial transaction device without consent, Mich. Comp Laws § 750.157n(1); (3) illegal use of a financial transaction device, Mich. Comp Laws § 750.157q; and (4) larceny less than $ 200.00, Mich. Comp Laws § 750.356(5). He was sentenced to thirty-four to fifty-one

years imprisonment on the second-degree murder conviction, two to four years in prison on each of the financial transaction device convictions, and ninety-three days in jail on the larceny conviction. Grondon's conviction was affirmed on appeal. *People v. Grondon*, 796 N.W.2d 81 (Mich. 2011).

On July 18, 2013, Grondon filed a petition for a writ of habeas corpus asserting three arguments. First, he alleged that the trial court allowed his coerced, involuntary confession to be admitted into evidence. Second, he alleged that the prosecutor committed prejudicial misconduct during closing arguments. Finally, he alleged that the trial court abused its discretion when calculating Offense Variable 7 during sentencing.

The Court addressed each of these allegations in its September 12, 2013 Opinion & Order. The Court concluded that (1) it was objectively reasonable for the state courts to conclude that Petitioner's confession was voluntary; (2) Grondon procedurally defaulted his claim of prosecutorial misconduct; and (3) Grondon's claim that his sentence was improperly scored was not a cognizable claim for federal habeas review. The Court therefore issued an order denying Grondon's petition for a writ of habeas corpus, denying a certificate of appealability, and denying Grondon leave to proceed *in forma pauperis*.

Ignoring this Court's order, Grondon has now filed a motion for a certificate of appealability. ECF No. 14. He repeats the first allegation from his petition: that his confession was involuntary and coerced. Grondon's motion does not assert any new information, and his motion will be denied.

**II**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. foll. § 2255.

### III

This Court has already ruled on Grondon's claim: in its September 12, 2013 Opinion & Order, the Court concluded that it was objectively reasonable for the state courts to decide that Petitioner's confession was voluntary. *See* ECF No. 9 at 11. However, Grondon disputes this conclusion in his motion for a certificate of appealability. Grondon reasserts that he was in excruciating pain during the police interrogations because he had kidney stones and that he subjectively believed that he would not be provided medical treatment until and unless he confessed.

As explained in its Opinion & Order, Grondon has not made a substantial showing of the denial of a constitutional right on his claim that his confession was coerced. After reviewing Grondon's videotaped confession, the state trial judge explicitly rejected Grondon's claim that his confession was coerced because he was suffering from extreme pain. The judge noted that

although Grondon shows "signs of discomfort intermittently," nothing on the tape showed coercive conduct or that Grondon made his confession in response to threats to withhold medical treatment. (Tr. 11/3/08, pp.4-5). The trial judge ultimately concluded that there was no coercive activity on the part of the police. The appellate court affirmed the trial judges' ruling. *People v. Grondon*, No. 292494 at *1, 5 (Mich. Ct. App. Nov. 9, 2010).

When considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations. *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). The trial court judge and the Michigan Court of Appeals rejected Petitioner's factual allegations that the police promised him medical care only if he confessed, and Petitioner has not offered clear and convincing evidence to the contrary; in fact, he repeats the same factual allegations he presented to the district court in his petition for habeas corpus. Therefore, Grondon will not be granted a certificate of appealability with regard to his claim that his confession was coerced.

Having considered the matter, the Court concludes that Grondon cannot make a substantial showing of the denial of a constitutional right, and reasonable jurists would not conclude that his petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, a certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

## IV

Accordingly, it is **ORDERED** that Petitioner's Motion for a Certificate of Appealability (ECF No. 14) is **DENIED**.

- 5 -

It is further **ORDERED** that Petitioner's Application to Proceed *in forma pauperis* on Appeal (ECF No. 12) is **DENIED**.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: October 29, 2013

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on Jason Grondon #237510, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846 by first class U.S. mail on October 29, 2013.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS